May it please the Court, my name is Ronald Kraus, I'm an Assistant Federal Public Defender for the Middle District of Pennsylvania, again, yes, still, and I represent the appellant Nelson Diaz. Welcome back. I would, thank you, nice to be here, Your Honor. I would like to reserve three minutes for rebuttal. That's granted. Just to clarify what is at stake here, Mr. Diaz is not challenging the conviction on the drug distribution charge or the 240-month sentence on count two. So that, whatever the outcome of this appeal, Mr. Diaz is going to be in prison for a long time. But what Mr. Diaz does challenge on appeal here are rulings that added an additional 240 months to his sentence. Could I start with a, actually, two questions that are intended to clarify, at least for me, where we may be going in this case. And my first question is, I'm sure you are well familiar with the opinions in the Anderson case, the language of the Anderson opinions, and specifically I'm looking at some language from Judge Silberman's opinion, which essentially characterizes the either or here as either that, one, each time a defendant uses or carries a firearm in relation to a crime, he commits a separate crime, or two, that if during the course of a crime a defendant uses or carries a firearm at any time, he commits a separate crime. Does that really crystallize the inquiry that's before us here? I believe it does, Your Honor. And I think as support for that, let me mention that that language was picked up and asserted by Seth Waxman when he was Solicitor General of the United States. Okay. Second question, then, is this. You have, in your brief, at some point or points, characterized this as a double jeopardy issue, and forgive me, but there were times when I read that that I thought you were almost being half-hearted about your double jeopardy attack here. Clearly, the cases suggest that there are two ways to go to support your position, and one would be a double jeopardy determination, the other would be really a statutory approach. Yes. And in your discussion, you begin, I think, with sub-A of your issue, raising double jeopardy, but then you canvass all of the cases which are clearly not all double jeopardy determinations. Yes. Which route, really, are you going here? Which is, to be trite, the better approach? Well, actually... Both, he's going to say. Your Honors can go one of two ways. This, the... Well, I know that. I mean, you tell me, I mean, what jurisprudentially is the strong... We all know that we're obligated to avoid the constitutional issue if there's another way to go, if there's a statutory way to go. So should we be going the alternative, rather than the double jeopardy route? I'd be happy for you to go to the statutory route, Your Honor. That's what nine other circuits have done. That's what the majority of the court said. That's... And most of them have said lenity. That's right. And that also happens to be, in a way, I'm a little bit surprised that I'm even here arguing this, because the standard policy of the Department of Justice is that in charging 924C violations, they should be tied directly to a single predicate offense. Let me raise an issue on that. If we were to decide on a double jeopardy ground, well, double jeopardy just means that we really... Well, if we were to decide it on double jeopardy grounds, then Congress couldn't fix it, because it would be constitutional. But if we were to decide it on statutory grounds, then if that decision is not congruent with congressional intent, then Congress could be clearer in its language. So it makes a big difference which of the two ways we go. Well, I may have misunderstood your, Judge Smith's question. I thought that when you were asking about the double jeopardy claim, you were asking about our argument about the multiplicity of the counts. And maybe, and I certainly apologize... I was asking you, which is the better approach jurisprudentially to take in this case, a constitutional attack, or a more textually based, a statutory approach, which ultimately relies on the rule of lenity, and you straddled it. Judge Sloder raises an excellent point here. I mean, if we took the double jeopardy route, haven't we said, Congress, you were foreclosed from criminalizing each instance of this?  Use or carrying of a firearm. If it's only one predicate crime. Right. If there's only one predicate crime. Is that the thrust of your argument, that Congress can't do that? Because it has to be the thrust of your argument if that's the direction it's going. Well, then I must have, I'm sorry, I must have misled you in my brief. I certainly believe that the statutory argument is a very strong argument, that the rule of lenity applies, and that Congress certainly could change the language here. And I think, in fact, it argues in our favor, the fact that many of these cases were decided in the 1990s. I think the Anderson case was 1995. And also the Lindsay Second Circuit case had a very comprehensive analysis of the issue. And both of those decisions talked about how the language was ambiguous, and how Congress might have written it in a way so that it wouldn't be ambiguous. But since that time, Congress has done nothing to change it. So apparently Congress is satisfied with the majority opinions here, and has made no effort  Well, I'm not sure we can make that assumption. In fact, I mean, you don't know what, you know, there are other things before Congress besides this particular. Why isn't the Fourth Circuit correct then? Well, I think there are a couple reasons. There is the analysis in Lindsay and Anderson in terms of the language. There's the concept that the word uses implies that each discrete act does not constitute a separate crime. But there are other reasons, too. And it was brought out in particular in the dissent in a Fourth Circuit case in 2006. It was the U.S. v. Kahn case, where the dissent said, and I don't usually like to read, but the language here is so good. Under the majority's reasoning, no boundaries exist for Section 924C prosecutions. That is, a drug trafficker could pick up a gun, place it on the table to scratch his nose, pick it back up, and receive two 924C sentences. An itchy nose could cost him an additional 15 years. Applying this statute without boundaries of reason and ordinary meaning leads to absurd results. Mr. Krauss, is each separate use of the firearm a separate crime? No. Or at least the language of the statute is ambiguous. I mean, I'm trying to separate the issue of the predicate offense with the use of the firearm. Well, in a... I mean, I'm asking whether one can do that. In an ordinary language sense, every time the defendant would pick up the gun, it is a use in the ordinary language sense. But that doesn't, and what all these cases have been saying is, that doesn't fall under the statutory language of uses and parries. But isn't it the logical extension of what could happen if the government's position prevails? Well, if the government's position prevails, they could theoretically stack an infinite number of multiple... The answer is yes. If you were to accept that reasoning. But that's, I think, a very powerful argument against accepting that reasoning. But the thrust of the statute is, in fact, to punish for the possession, use, or carrying of a weapon. I mean, that seems to be the ultimate goal in the statute. So why is it the Fourth Circuit correct that every time a gun is used, then there should be a separate penalty? Well, that was the thrust of now Justice Alito's dissent in the... Sorry. In the Palma-Ruiz case that was reversed in the Supreme Court in U.S. v. Rodriguez, which said that it should... That only one 924C violation should be appended to any single predicate crime. But the Judge Alito language did not resolve the question, Mr. Krauss. You know that. And twice now you've not really come to grips with Judge Fuente's questions about the camps decision. You've not taken that head on. You've talked about other cases. Why is camps wrong? Why was Judge Ludwig, in his opinion, wrong to emphasize that Section 924C1 very clearly does not criminalize the underlying predicate offense, whether it be a crime of violence or a drug trafficking offense? That's already criminalized and criminalized elsewhere. Drug trafficking is already a separate offense. Because the emphasis was on a course of conduct. And if, again, this is as Solicitor General Seth Waxman said, that the drafters of the statute meant that if during the course of a crime a defendant uses or carries a firearm at any time, he commits the separate crime of carrying the gun. So it was a concept. The concept is that if you have the predicate crime, the underlying drug trafficking, if at any time during the course of that the defendant uses a gun, the 924C violation is completed. That's it. He's done it. And for there to be another 924C violation, there's going to have to be another predicate offense. Well, that's your position. I thought in the course of was used in the statute so that it's every use, each and every use in the course of a criminal conduct or activity that would subject the defendant to a separate penalty. Why not? Why give a defendant free use every time he uses a gun? Isn't the idea to deter use of a gun? Well, one response to that, Conor, would be that that's a decision for Congress to make. Congress didn't make that decision in the statute. If they had wanted to do that, they could have made that language explicit. But at best, as everyone seems to agree, either that isn't what the language says or it's so ambiguous that the rule of lenity has to apply. What do you think we should do? Could we vacate one of the two 924C convictions? Or why wouldn't we just vacate one of the two sentences? My preference would be to vacate the conviction entirely and send it back for resentencing. There may be implications for Mr. Diaz in terms of the future for having the conviction vacated rather than the sentence vacated. Does it matter at all, following up on Judge Sloboder's question, whether or not this is characterized as a sentencing enhancement statute or whether or not we would simply vacate a sentence as opposed to vacate the underlying conviction? The cases have discussed 924C have turned it a hybrid. There has even been an explicit suggestion in some of them that it's a sentencing enhancement statute. Indeed, the Supreme Court has even referred to it that way. It's not holding it as such, but referred to it that way. So there's some confusion in the case. Yes, there is a lot of confusion on that issue. Mr. Krauss, I have just two more questions. I know your light is on, but number one, why is this an appropriate case for application of the rule of lenity, which I believe our cases suggest is applicable only where there's a grievous ambiguity? Well, the rule of lenity applies when the intent of Congress cannot be determined from the language of the statute. And when you can't determine the language, the intent of Congress from the language of the statute, it has to be applied in favor of the defendant. Final question from me. And this does not really relate to the basis of your appeal, but I'd be interested in hearing both from you and from your adversary. Is there any basis in the statute at all for what the district court did here in terms of the length of the consecutive sentence imposed? Is there any way to find a basis for the number of years of the consecutive sentence? I'm sorry. Are you referring to the fact that they're consecutive or actually the number of years? The number of years. What is a second offense under the statute supposed to be for in terms of years? Well, there is a mandatory minimum of five years for the firearm. The subsequent offense. Well, as the district court ruled here that he couldn't add on anything additional to the second offense, and that's why he applied just the same sentence to both counts. In terms of a prosecution under Section 924, it wouldn't matter to you whether a gun was used on one occasion and used ten times thereafter, and it wouldn't matter whether a handgun was used or, at the same time, there was possession of a shotgun in the car or five months later a shotgun was used. As long as it's one conviction, as long as it's one, the furtherance of one crime. If the government were to charge another predicate offense, it certainly can do that. That's the answer. You tell the government you want separate convictions, you better charge a separate predicate offense. Precisely, and that actually is their policy. If the drug action covered a number of, well, a period of time, couldn't they charge separately for each day or each week as a predicate offense? Theoretically, it seems that way, although that seems to be like common sense. In fact, the government made precisely that concession during oral argument in the Anderson case. That's correct. Thank you, Your Honors. Thank you. Did you save time? I'm sorry? Did you save rebuttal time? Did he reserve rebuttal time? Yes. Oh, he did. Okay. Yes, I'm sorry. Thanks. Good morning, Your Honors. Michael Consiglio on behalf of the appellee. Not the appellant. I'm sorry. Yes. Okay. Can you reconcile the different district court's refusal to apply the 25-year clause, but nonetheless sentence separately for each of the firearm offenses when there was only one predicate? That's what I was trying to ask Mr. Krauss. I can speculate, but I don't really understand how we got here. And respectfully, what I would submit to the court, the double jeopardy problem, which is the basis of this statutory and this appeal, concerns the Or the statutory interpretation. Interpretation. May not be, yeah. It appears that the problem that the Constitution attempts to address is when you have a continuing crime that is inappropriately divided by indictment or charge, and consecutive punishment or additional punishment comes when a continuing crime is broken up into parts. What we have in this case, it's turned that whole problem on its head. The problem is, at least according to the argument that we just heard, is that the government didn't divide its predicate offenses up enough. You could have, right? Well, could you have? That was really my question to Mr. Krauss. We could have factually in this circumstance divided certain aspects of this case into additional predicate offenses. You mean the March 29th would have been one predicate offense? Well, that's the problem with the March 29th, 2006 incident. There wasn't a drug deal that happened on that day. It was months of disputes between rival drug traffickers, and there wasn't a drug deal that happened on the 29th. That was just a culmination of the rivalry and market dispute between them that resulted in a shooting. I identified in my brief... The shooting was March 29th. The shooting was March 29th when Mr. Pierce was killed. It wasn't the incident in the furtherance of drug trafficking? Yes, but it wasn't in furtherance of like a discreet deal where one sale happened and a gun was there. It was in furtherance of the general enterprise of what was happening in the months preceding. In addition, another circumstance that happened and is reported by one of the witnesses, Mr. Lopez, was Mr. Lopez asked, hey, have you seen Alfred Pierce? And the defendant responds, I have not seen him, and he shows him his gun, but if you see him, let him know I have this for him. And that was not only foreshadowing what was going to be the demise of Mr. Pierce, but there wasn't a drug deal that happened in that circumstance, but clearly that event of flashing a gun and communicating it through an intermediary to Mr. Pierce was a use of a firearm in furtherance of the drug trafficking enterprise of Mr. Pierce. So you could have charged two predicate, what you're telling us is you could have charged two predicate offenses. And we actually could have charged many more. Well, I mean, if you have a whole drug operation going on and each you have a sale each time, technically you could charge innumerable. And the testimony. Mr. Consiglio, you confessed when you came to the podium, a question as to why we're here, and I had that question too, but it was because had the U.S. Attorney's Office for the Middle District followed the Justice Department's own policy, we wouldn't be here, would we? Well, with respect to the circumstances of why we didn't charge more of this defendant, when you're looking at the underlying problem, which is the double jeopardy concern, is whether you've parsed a continuing crime out into individual parts and imposed excessive punishment. That's the argument I'm making, that this is counterintuitive. We didn't charge enough crimes to get additional punishment, where we charged it in the circumstance. Well, you charged a course of conduct. The drug enterprise was a course of conduct. And I can't imagine, I may be wrong, any court would have sustained 100 charges if the drug conspiracy took place 100 days. That's true, Your Honor. The testimony of one of the witnesses, though, was that on a particular afternoon, he bumped into the defendant while he had a firearm on his waist and sat next to him and watched him engage in a number of sales of heroin to individual customers who came up. Now, potentially, if the government had prosecuted every delivery that Mr. McPherson could recall, he observed the defendant engage in, those would be permissible prosecutions for distribution of heroin. Does the government policy permit you to do that? To divide with each individual sale a prosecution. I believe for policy purposes, I'm not familiar with anything that would prohibit individual sales and individual transactions for a prosecution. There must be a word that doesn't allow that, like duplicity or something like that. Supposing when he was arrested, there was a search of his vehicle and in the trunk of his car were 10 shotguns. Could you charge, I guess practically you could charge, 10 separate 924 offenses? Is it possession, use in the furtherance of a drug conspiracy? So it's possession. That's possession. That would be the possession. Oh, he's carrying. Yeah. Although that is a potential and that's sort of the facts of what happened. It's a fanciful hypothetical. Well, not necessarily fanciful. I think it's what happened in Lindsay. The Second Circuit case, there was 14 firearms or there were seven firearms brought under multiple charges. I mean, it does seem outrageous to do something like that. So how do you, what can we say to prevent something like that from happening? Well. Does not affirm the conviction. You don't necessarily. I guess the response I have is that you don't necessarily have to confine it in terms of the predicate offense as the unit of prosecution. You encounter that same problem with almost every drug trafficking case that comes here. It can be charged with each separate discretionary event, each delivery or each seizure that happens, or it can be charged in the aggregate. And this court and all the other circuits have appropriately fashioned units of prosecution to keep a sense of fairness to the intent and statutory language here. In this circumstance, the fact, the chronological events of what happened in this case, if Mr. Diaz, the first day he came out to that block with a gun, committed the offense, a 924C offense. We can't. interpretation of the defense that every time after that, whether he engaged in a drug trafficking enterprise or not, and particularly with respect to the events of Mr. Pierce, the flashing of the gun and actual shooting of Mr. Pierce and killing him, those were not prosecutable offenses under 924C unless we fashioned some other crime and ginned it up and put it on this particular defendant. Where the plain language of the statute seems to suggest and does not expressly prohibit multiple prosecutions under the same predicate offense. We can't decide this case on the basis that there could have been more than one predicate offense. We just have to, isn't that right? We just have to, we're limited to the fact that there was one predicate offense charge. Yes. So we're talking hypothetical. We're speaking hypothetical. We're trying to keep you within bounds. Yes. The vast majority of circuits have found ambiguity in the statute, so they apply the rule of lenity. Yes. What would that be the best way for us to go? I respectfully submit to the court that the vast majority of circuits have found ambiguity in this circumstance. However, I would submit that perhaps the most thoughtful and detailed analysis of this problem was done by the District of Columbia Court of Appeals and Anderson. An en banc decision reviewed this issue in terms of lenity, and it was a six to five decision whether this is ambiguous or not. Do you know if the government has ever sought cert in any of the cases it lost under this statute? I am not familiar with if they've ever sought cert on any of the cases they lost in this matter. It seems like something the government would like to get resolved one way or the other. Maybe not. Apparently they're content with their policy that says don't do what you did. In this circumstance, in the end, what we are defending in this court at this time really was a sentencing package that was done by the court. As the court notes in my brief and as the appendix of the defendants reflecting the sentencing reflects, the court did indicate that under 3553, this defendant under the total evidence and facts of this case deserved a 40-year sentence. And the guidelines for one 924C violation was 30 years to life for this defendant. So for one offense, he was eligible to receive a 40-year sentence for one conviction. Now, as we discussed earlier, the court decided to proceed in a fashion of structuring this sentence in terms of 20 years and 10 plus 10. The court simply did what it thought was fair irrespective of what the statute said. It appears the court was reviewing, not basing it upon constitutional grounds, but upon statutory interpretation of what a second and consecutive conviction applied. And one of the main reasons why they did it that way is that's because that's all the defense asked for. In their challenge to the sentencing guidelines, they asked for the second conviction not to be considered a consecutive 25-year sentence. They only asked for it to be two 5-year sentences to be run concurrently. And if you note in the court's trial opinion, they underline the section of the statute that talks about each conviction must be served consecutive to another conviction. Reading between the lines, that's the only way I understand the court came to 20 plus 10 plus 10 under those circumstances. I don't know that you answered Judge Fuentes' question, which I understood to be, why shouldn't we apply the rule of lenity? Did he ever answer that? And I guess the best answer I can give... I quite frankly don't think there's ambiguity. I'm in agreement with the minority in the Anderson court that when you look at the elements of this crime, that the crime is broken down into several parts. Whoever possesses a firearm under a certain scienter, a certain purpose, a purpose in furtherance of drug trafficking, a purpose in furtherance of Hobbs Act robbery or whatever crime of violence... so that the government can indeed charge 10, 15 separate 924 charges? If you look at the legislative history and reference to it, that they do seem to focus, at least some of the legislative history seems to focus upon each usage. That to remind individuals that if they want to engage in this crime, to leave the gun at home. And in this particular circumstance, if this had not been a drug trafficking offense, but it had been a more discrete offense, such as a bank robbery, where each time thereafter the defendant used the firearm to intimidate co-defendants, to intimidate other individuals to not cooperate. Under those circumstances, the additional conduct, the additional actions wouldn't be prohibited under the 924C. But I've seen government bank robbery charges and they are separate counts for each bank. And so you're not going to... you get it more in drugs than in any other thing I can think of because the bank robberies are discrete and the drugs are continuous. And respectfully, with respect to the analogy I made, is in the bank robbery cases, we don't have episodes of where one bank robbery conspirator is confronting another bank robbery conspirator sometime after the robbery to intimidate them or for a showdown that ends up in a shootout, where there is a discrete usage of a gun in conjunction with it. And I respectfully submit under the plain language of the statute, if that were the facts, it would be appropriate to prosecute the bank robbery. The usage of the gun in the bank robbery is one 924C conviction. And then the intimidation of a co-defendant months later, that would fit into the plain language of the statute as an appropriate punishment. Of course, you have to consider also the idea or the possibility of overcharging, which you can do based on your theory. And then, of course, you would have an advantage, a bargaining type of advantage if you charge somebody ten times for a statute. Not to say that you would do that, but certainly. But that's part of the problem with this, is that although we had, as our facts lay out, four separate instances of usage or distribution with a firearm, there really wasn't an overcharge. This was in the first count of 924C violation, it was clumped in the aggregate. I think the problem is the very possibility that it can happen that we have to think about. But that possibility is recognized and even allowed in the United States v. Deal if the government takes the steps of prosecuting individual events where you have six and seven 924Cs that accompany a series of robberies, which I believe is Deal. In this case, we didn't overcharge, and we actually only separated out the most egregious event, the event where one drug trafficker essentially ambushes and kills another. I'm out of time. Sorry. In fact, is that what this case is all about? Covert murder prosecution? It's... Well, he was acquitted of the... He wasn't charged. There wasn't enough evidence. But I was curious about your very final remark to it. It's appropriately bring into before a jury the circumstances of Mr. Diaz's conduct. As the guidelines and information presented indicate, the first time... I just remained curious as to why the case was charged as it was, notwithstanding the language of the Justice Department's policy. If the defendant appearing on the scene with a gun in furtherance of his drug trafficking in the months before March 29th was worthy of 30 years to life, then being involved in a shootout ambushing is certainly worthy of another prosecution. Thank you. Thank you. Thank you. Mr. Krause, you have more to say? Your Honor, I believe the court understands our position, so I will conclude unless the court has further questions. No. Thank you, Mr. Krause. Nice to see you two days in a row. Thank you, Your Honor. We'll hear the final case for today. Randall Chrysler.